# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 18, 2013          Decided June 11, 2013

No. 12-1221

UNITED STATES POSTAL SERVICE,
PETITIONER

v.

POSTAL REGULATORY COMMISSION,
RESPONDENT

ASSOCIATION FOR POSTAL COMMERCE, ET AL.,
INTERVENORS

———

On Petition for Review of Orders
of the Postal Regulatory Commission

———

*David C. Belt*, Attorney, U.S. Postal Service, argued the cause for petitioner. With him on the briefs was *Michael J. Elston*, Chief Counsel.

*Daniel Tenny*, Attorney, U.S. Department of Justice, argued the cause for respondent. With him on the brief were *Stuart F. Delery*, Acting Assistant Attorney General, *Michael S. Raab*, Attorney, *Stephen L. Sharfman*, General Counsel, Postal Regulatory Commission, and *R. Brian Corcoran*, Deputy General Counsel.

Before: HENDERSON, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Through snow and rain and heat and gloom of night, the Postal Service delivers the mail. But the Postal Service does so under the watchful eye of a separate independent agency, the Postal Regulatory Commission. As relevant here, the Commission regulates the rates that the Postal Service may charge for mail.

This case concerns the rates that the Postal Service charges for presorted mail. Presorted mail generally refers to bulk mail that the mailer presorts by destination before giving it to the Postal Service. The Postal Service charges less for presorted First-Class Mail than for single-piece First-Class Mail. The discount encourages presorting, and presorting lowers costs for the Postal Service because the Postal Service does not itself have to do the sorting.

The Commission claims that the Postal Service is giving too large a discount for presorted mail. In its order in this case, the Commission explained that the Postal Service's lower rate for presorted mail is the result of what the governing statute calls a "workshare discount." As defined by the statute, a "workshare discount" is a "rate discount[] provided to mailers for" performing certain tasks – like "presorting" – that the Postal Service otherwise would perform itself. 39 U.S.C. § 3622(e)(1). The statute says that the workshare discount for presorted mail may "not exceed the cost that the Postal Service avoids as a result of workshare activity" like presorting. 39 U.S.C. § 3622(e)(2). Here, the Commission found that the Postal Service's discount for presorting exceeds the cost that the Postal Service avoids as a

result of presorting. Therefore, the Commission determined that the Postal Service must revise its discount for presorting.

The Postal Service is unhappy because it believes that it needs to offer bulk mailers large discounts so that bulk mailers will continue to use the U.S. Postal Service rather than, say, email. The Postal Service's primary *legal* argument is that the statutory limits on the amount of a workshare discount do not apply here because presorted First-Class Mail is not the same "product" as single-piece First-Class Mail. But the statutory language governing workshare discounts does not refer to products. We think the correct statutory analysis here is extremely simple and supports the Commission: The discount that the Postal Service offers for presorting is a "rate discount[] provided to mailers for . . . presorting." 39 U.S.C. § 3622(e)(1). Therefore, it is clear that, as the Commission concluded, the amount of the discount that the Postal Service may offer for presorting is subject to the statute's workshare discount limit, and the discount may not exceed the cost that the Postal Service avoids as a result of the presorting. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984).

The Postal Service separately argues that the Commission unreasonably applied Commission precedent. Under Commission precedent, the workshare-discount limit applies in presort cases only when mailers presort their mail primarily *because of* the lower price charged for presorted mail. *See* Order No. 536, Docket No. RM2009-3, at 49 (P.R.C. Sept. 14, 2010). The Postal Service claims that mailers do not choose to presort their mail primarily because of the lower price charged by the Postal Service for presorted mail.

But the Commission reasonably concluded that mailers choose between single-piece and presorted First-Class Mail based on price. Economic models in the record demonstrate that a one-percent increase in the price difference between presorted and single-piece First-Class Mail would produce a significant change in demand. *See* 2010 Order, at 54-59. That is, when the price of presorted mail changes by about one percent, customers become more or less likely to presort their mail. That means that customers are choosing between the services based in part on price – something one would expect as a matter of common sense. And that conclusion is further supported by evidence of a "significant industry" that has developed to convert single-piece First-Class Mail into presorted First-Class Mail. *See id.* at 52.

Finally, the Postal Service raises an additional – albeit rather counterintuitive – argument that, if the workshare discount provision applies, then the Commission has been *too generous* in calculating the maximum discount that the Postal Service may offer. We need not delve into the merits of that argument. If the Postal Service wants to offer a smaller discount – and recall that the Postal Service brought this challenge so that it could offer *larger* discounts – nothing in the Commission's decision precludes it from doing so. For standing purposes, the Postal Service is not injured to the extent it independently claims that the Commission's calculation allows the Postal Service to offer too large a discount.

\* \* \*

We have considered all of the Postal Service's arguments, and we deny the petition for review.

*So ordered.*